284 So.2d 561 (1973)
Christella W. FIFE, Plaintiff-Appellant,
v.
ALLIED SUPER MARKETS, INC., et al., Defendants-Appellees.
No. 4340.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
*562 Makar & Whitaker by John Makar, Natchitoches, for plaintiff-appellant.
Stafford, Pitts & Stafford by John L. Pitts and Harry F. Randow, Alexandria, for defendants-appellees.
Before CULPEPPER, MILLER and PONDER, JJ.
PONDER, Judge.
Plaintiff appeals from the denial of workmen's compensation benefits, claimed to be due under the following circumstances.
Plaintiff was employed as a bookkeeper with the regular hours of 8:00 to 5:00 except on Monday when she reported to work at 5:00 A.M., for the purpose of preparing a report to be submitted to the home office. Even then she worked only a normal workday of eight hours. On Monday, November 18, 1968, at 5:04 A.M., she was involved in an automobile accident in which she sustained injuries admittedly resulting in total and permanent disability, the collision occurring at the intersection of Monroe and Texas Avenues at the opposite end of the shopping center in which the employer's place of business is located, some 1400 feet away.
Even though plaintiff alleged in her petition that the accident occurred immediately adjacent to her employer's premises and that the 5:00 A.M. reporting time was extraordinary and unusual, the trial judge found, instead, it had been established that Mrs. Fife's normal reporting time was 5:00 A.M. on each Monday and that the accident occurred on a public highway some 1400 feet from defendant's store. He therefore denied recovery. We affirm.
Admitting the general rule to be that an employee is not entitled to workmen's compensation benefits if injured on the way to or from work, plaintiff nevertheless contends she is so entitled because of the unusual and extraordinary hour at which she was reporting to work exposing her to heightened danger and the proximity of the accident to the place of employment.
In a case, Templet v. Intracoastal Truck Line, Inc., 255 La. 193, 230 So.2d 74 (1969), stronger for that plaintiff than is the instant case, the Supreme Court held there should be no recovery. There the plaintiff, a truck driver, had been summoned by his employer to make an early distant delivery, properly departing at 5:00 A.M. In making a left turn into the employer's premises he was struck from the rear and injured. The trial court denied recovery but the Court of Appeals reversed and awarded plaintiff compensation. In reversing this, the Supreme Court said:
". . . in the absence of a special or implied contractual understanding, the employer does not have the right of supervision and control over the employee before and after working hours and before he has arrived or after he leaves the premises. Therefore, any extension of coverage for workmen's compensation must necessarily be founded on the existence of conditions surrounding the locality of the employment which makes it more hazardous to the employee than it would have been had he not been employed."
* * * * * *
"The facts presented in this case do not show any special risk the defendant company's employees must assume in turning off the public road to enter the *563 employer's premises which would not be encountered by the general public in turning off such road or other roads similarly situated. Accordingly, there was no `unusual', `peculiar' or `greater' hazard to the employees of the defendant company than that faced by any other motorist using the public streets.
"We hold that a claim for injuries occurring on a road or highway, as presented here, is not compensable. There must be a hazard such as railroad tracks, tunnels, covered wharves and the like to which the employee is regularly and peculiarly exposed by reason of his employment to which the public generally, albeit also subjected to such hazard, is not usually exposed to the extent of the employee."
The Supreme Court in the Templet case evidently attached little significance to the unusual time for reporting to work. Nor do we in this case, especially in view of the fact that it was established that Mrs. Fife's workday on Mondays began at 5:00 A.M.
The decision of the trial court is affirmed. The costs are to be borne by the appellant.
Affirmed.