597 So.2d 1089 (1992)
Jo Marie TUMINELLO, Appellant,
v.
WILLIS KNIGHTON MEDICAL CENTER, Appellee.
No. 23,413-CA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
Writ Denied July 1, 1992.
Jack M. Bailey, Jr., Shreveport, for appellant.
Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, Norman Lafargue, Shreveport, for appellee.
Before MARVIN, VICTORY and BROWN, JJ.
VICTORY, Judge.
Jo Marie Tuminello filed suit against her employer, Willis Knighton Medical Center, seeking recovery in tort for injuries sustained on her employer's premises shortly after working hours. The trial court held plaintiff's exclusive remedy to be in worker's compensation, and plaintiff now appeals. We affirm.

FACTS
Jo Marie Tuminello was employed as a secretary in the business office of Willis Knighton Medical Center in Shreveport. Her normal working hours were between 7:30 a.m. and 4:30 p.m. On June 24, 1987, at 4:30 p.m., Tuminello left the hospital and was taken to the parking lot by an employee shuttle, provided by her employer. After placing her purse in her car, she decided to accompany her supervisor to the Watermelon Social, a gathering sponsored by the hospital. The social event was held on a vacant lot owned by Willis Knighton located across the street from plaintiff's car *1090 and only two blocks from the hospital. After signing-in at the social event, Tuminello obtained a piece of watermelon to take home. At approximately 4:45 p.m., she began walking back across the lot towards her car, when she tripped and fell in a hole.
On October 8, 1987, Tuminello filed suit for worker's compensation benefits[1] arguing her injury occurred during the course and scope of her employment, and Willis Knighton denied coverage. On June 1, 1988, Tuminello filed a tort suit against Willis Knighton for her personal injuries claiming that her injury did not occur during the course and scope of her employment, and therefore, the hospital is liable for her personal injuries. On July 13, 1990, Willis Knighton moved for summary judgment in the tort suit claiming that plaintiff's exclusive remedy is under worker's compensation law.
Rebecca Billingsley, Director of Staff Development at Willis Knighton in June of 1987, filed an affidavit which defendant attached to its motion for summary judgment. Her responsibilities included organizing and supervising employee activities which are primarily recreational and social, designed to foster the morale and camaraderie of the employees at the hospital. As Director of Staff Development, she organized and supervised the Watermelon Social which took place on the afternoon of June 24, 1987. The social gathering was a voluntary event, open to all employees at anytime during the afternoon that they were free to come, whether during or after work. Approximately 500 employees attended the event at varying times during the day. The social activity came to an end at 6:00 p.m. that day.
On April 5, 1991, the trial court treated defendant's motion for summary judgment as an exception of no right of action, sustained the exception, and dismissed plaintiff's tort suit without prejudice.[2] Without assigning reasons, the judge concluded that plaintiff's exclusive remedy is under worker's compensation.
An exception of no right of action raises the question of whether the plaintiff has any interest in judicially enforcing the right asserted. LSA-C.C.P. Art. 927(5), Lambert v. Donald G. Lambert Construction Company, 370 So.2d 1254 (La.1979), reversed in part, 371 So.2d 1167 (La.App. 4th Cir.1978). LSA-C.C.P. Art. 966 permits a party to pierce the allegations of fact in the pleadings and obtain relief by summary judgment where the facts set forth in affidavits, depositions, and answers to interrogatories show that there are no genuine issues of material fact and that mover is entitled to judgment as a matter of law. See Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). Whether treated as a motion for summary judgment or as an exception of no right of action, the law governing the scope of coverage under worker's compensation is the same.

COURSE AND SCOPE OF EMPLOYMENT
The sole issue on appeal is whether plaintiff's injury arose out of and in the course of her employment so as to preclude her tort action against defendant. LSA-R.S. 23:1032. Tuminello argues she stepped out of her employment when she left the hospital at 4:30, and the voluntary social event, attended after working hours, was not an activity conducted in the course and scope of her employment.
LSA-R.S. 23:1031 provides that compensation shall be allowed for accidental injury "arising out of and in the course of" the claimant's employment. In Lisonbee v. Chocago Mill & Lumber Co., 278 So.2d 5 (La.1973), the supreme court discussed the interdependence between the "arising out of" and "in the course of" requirements. Laughlin v. City of Crowley, 411 So.2d 708 at 711 (La.App. 3d Cir.1982) summarized the supreme court's pronouncement as such:
Under the jurisprudence interpreting this statute, it has been held that the terms *1091 `arising out of' and `in the course of' are not synonymous but, nevertheless, must be considered together. (citations omitted) To `arise out of' the employment, the accident must be the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. Time, place and circumstance must determine this. (citations omitted). An accident occurs during the course of the employment when it occurs during the time of employment and at a place contemplated by it.
The scope of protection under our worker's compensation statute extends beyond a worker's shift in certain circumstances. An employee who "has finished the day's work and is preparing to leave, or is in the act of leaving ... is entitled to a reasonable period while still on the premises which is regarded as within the course of employment." Malone & Johnson, 13 Louisiana Civil Law Treatise 2d Ed. Workers' Compensation, § 167 at 337 (1980). According to Malone and Johnson, "the working day embraces these intervals just as it includes reasonable periods for rest, relaxation or the attendance of personal needs." Id.
Several courts have extended worker's compensation coverage to include employees who remain on the employer's premises after working hours to attend to personal matters. See Edwards v. Superior Coach Sales, Inc., 417 So.2d 1289 (La.App. 1st Cir.1982), writ denied 422 So.2d 423 (La. 1982), where an employee was injured while using his employer's welding equipment after working hours on the employer's premises; Bates v. Gulf States Utilities Co., 193 So.2d 255 (La.1966), where an employee was injured after working hours while repairing his flat tire in the employer's garage; and Carter v. Lanzetta, 193 So.2d 259 (La.1966), where an employee remained on the premises twenty minutes after her shift to talk with her employer and subsequently tripped and fell as she was leaving the premises.
In addition, courts have upheld coverage for injuries that occur during voluntary employer-sponsored recreation activities. See Hanks v. Grey Wolf Drilling Co., 574 So.2d 531 (La.App. 3d Cir.1991), writ denied 577 So.2d 32 (La.1991), where an employee was injured during an awards banquet held at the Petroleum Club of Lafayette; and Jackson v. American Insurance Co., 404 So.2d 218 (La.1981), where an employee drowned during a voluntary swimming party during working hours.
The basic facts on the issue of worker's compensation coverage are undisputed. Tuminello's accident occurred on the premises of Willis Knighton only 15 minutes after working hours. At the time of the accident, Tuminello was leaving an employer-sponsored event that served to foster the purposes of Willis Knighton by boosting employee morale and comaraderie. The social was sponsored for the joint benefit of employer and employees. The employees were treated to watermelon and encouraged to socialize with fellow employees. The employer, its supervisors, and management personnel were given the opportunity to get to know their workforce in a social setting and encourage good working relationships among all levels of personnel.
The Watermelon Social was attended only by Willis Knighton employees. In her deposition, Tuminello stated that her supervisor informed her about the event and subsequently accompanied her to the gathering after work. Although Tuminello voluntarily attended the hospital function, she was exposed to a risk or danger that she otherwise would not have been exposed, but for her being an employee of Willis Knighton. After consideration of the undisputed facts, we are of the opinion that plaintiff's accident was so closely connected to her employment in terms of origin, time, and place that it arose from and occurred in the course of her employment. Therefore, her exclusive remedy against her employer is in worker's compensation.

DECREE
For these reasons, we affirm the trial court's judgment sustaining defendant's motion for summary judgment and dismissing plaintiff's suit. Costs are assessed to plaintiff.
AFFIRMED.
*1092 BROWN, Judge, dissenting.
Plaintiff initially sued for worker's compensation benefits and defendant answered denying that her injury occurred during the course and scope of her employment. Defendant's answer seeking to avoid compensation was an invitation for plaintiff to file this tort action. Defendant now seeks tort immunity by alleging that plaintiff was acting within the course and scope of her employment.
Plaintiff had finished her work and went to her vehicle when she decided to go to an employer sponsored party. The party was located in a vacant lot owned by defendant. As plaintiff was leaving the party, she allegedly stepped into a partially hidden hole and fell. Plaintiff alleges that the hole was the result of removing a fence on the lot. The lot allegedly had been purchased by defendant as a potential location for expanded parking.
Our courts have consistently stated that an accident that befalls an employee while going to or returning from work does not occur in the course of his/her employment. Malone & Johnson, supra. Administratively manageable exceptions have been allowed in very limited circumstances. Duncan v. South Central Bell Telephone Company, 554 So.2d 214 (La.App. 2d Cir. 1989), writ denied 559 So.2d 125 (La.1990), is strongly relied on by defendant but involved an employee shot and killed in the employer's parking lot three minutes after she finished work. In the instant case plaintiff completed work, reached her car, deposited her purse and left on a personal mission.
The issue in the instant case is not one of leaving or returning to work. Plaintiff had left work and was pursuing a personal desire. The question is the legal effect of voluntarily attending an employer sponsored social function. The event was attended by plaintiff after work and was not a regular incident of employment; however, it started during working hours. The employer did not require participation, as evident by plaintiff's last minute decision to go. The event took place on property not used for work purposes.
Hanks, supra, allowed compensation coverage for an awards banquet. Jackson, supra, permitted compensation coverage for a 16 year old CETA employee who drowned during working hours when he was being paid and while on an employer sponsored swimming party to which he was transported by his supervisor in an employer owned vehicle. Neither case is directly on point and both were actions to recover compensation benefits and not in tort.
Expansive interpretation of "arising out of and in the course of" may be justified to extend worker's compensation coverage in view of the beneficial purpose of the Act. The same expansive interpretation may not be justified to grant tort immunity and thus encourage unsafe premises off the work site.
The instant action is in tort for injury of an invitee on an alleged unsafe lot. A deeper issue exists concerning whether defendant can claim tort immunity under these circumstances when the invitee is also an employee. If this appeal concerned the worker's compensation coverage claim, the prior jurisprudence would raise serious questions. For example, in Jackson, supra, this court denied compensation coverage but was reversed by the Supreme Court. I believe that judgment by summary proceedings was not proper and would remand to fully develop the facts.
NOTES
[1] At oral argument, defense counsel confirmed that the worker's compensation suit is still pending.
[2] The trial court dismissed the tort suit without prejudice in case plaintiff is found not to have rights under worker's compensation.