651 So.2d 375 (1995)
Shirlie A. MAY, et vir, Plaintiff-Appellant,
v.
SISTERS OF CHARITY OF THE INCARNATE WORD, a/k/a Schumpert Medical Center, Defendant-Appellee.
No. 26,490-CA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 1995.
Writ Denied May 5, 1995.
*377 Sockrider, Bolin & Anglin by James E. Bolin, Jr., Shreveport, for appellant.
Mayer, Smith & Roberts by John C. Turnage, Shreveport, for appellee.
Before SEXTON, LINDSAY, WILLIAMS and BROWN, JJ., and CULPEPPER, J. Pro Tempore.
LINDSAY, Judge.
The plaintiff, Shirlie A. May, appeals from a summary judgment granted in favor of the defendant, Schumpert Medical Center, dismissing the plaintiff's personal injury claim. For the following reasons, we reverse the trial court judgment and remand for further proceedings.

FACTS
The plaintiff, Mrs. May, was employed as a medical transcriptionist in the radiology department at Schumpert Medical Center. She was scheduled to report to work at 6 a.m. on the morning of November 4, 1991. At 5:50 a.m., as Mrs. May walked from her car toward the hospital, she slipped and fell on a metal drain cover located on the sidewalk outside the hospital. The weather was cold and the plaintiff contended that, because Schumpert's sprinkler system had been used during the night, the drain cover was wet and icy, creating a slippery hazard.
The plaintiff suffered a broken ankle which required two surgical procedures to repair and she missed some work. As the plaintiff's employer, Schumpert paid workers' compensation benefits for the time the plaintiff was unable to work and also paid her medical expenses.
On November 3, 1992, the plaintiff filed a tort suit against Schumpert for general damages and lost earning capacity. Her husband, James C. May, also asserted a claim for loss of consortium.
On March 4, 1993, Schumpert filed a motion for summary judgment, claiming that the plaintiff's injury occurred during the course and scope of her employment with the hospital, asserting immunity from suit for general tort damages by the plaintiff and arguing that her exclusive remedy against the hospital was in workers' compensation. On March 24, 1993, the plaintiff filed a motion for partial summary judgment, contending that she was not within the course and scope of her employment at the time she slipped and fell.
The trial court granted Schumpert's motion for summary judgment. Plaintiff's motion for partial summary judgment was denied. In reasons for judgment, the court found that the plaintiff was close to the entrance of the hospital and on her way to work at the time the accident occurred. Further, due to the early hour, the risk of an icy sidewalk was greater for plaintiff than for the general public. Therefore, the trial court found that the plaintiff was in the course and scope of her employment at the time of the accident and her exclusive remedy was under the Worker's Compensation Act. The plaintiff appealed.

LEGAL PRINCIPLES
Appellate courts review summary judgments de novo under the same criteria that governs the district court's consideration of the appropriateness of summary judgment. Bosse v. Westinghouse Electric, Inc., 93-1898 (La.App. 4th Cir. 5/17/94), 637 So.2d 1157. The mover is entitled to summary judgment as a matter of law if the pleadings, depositions, answers to interrogatories and admissions on file together with supporting affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966(B).
*378 Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the record must be reviewed in the light most favorable to the party opposing the motion. Bosse v. Westinghouse, supra.
There is no dispute regarding the facts of the present case. The only issue before the trial court for decision was whether the plaintiff, who fell and was injured on a sidewalk while on her way to work, was acting in the course of her employment and whether the accident arose out of her employment. If this inquiry is answered affirmatively, Schumpert is immune from tort liability, the plaintiff's remedy lies solely in worker's compensation, and the trial court was correct in granting summary judgment in favor of Schumpert. If answered negatively, the trial court ruling must be reversed.
LSA-R.S. 23:1031(A) provides:
A. If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
LSA-R.S. 23:1032 provides in pertinent part:
A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
When an employer seeks to avail himself of tort immunity under LSA-R.S. 23:1032, he has the burden of proving entitlement to immunity. Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992).
The terms "arising out of" and "in the course of" employment constitute a dual requirement. Raybol v. LSU, 520 So.2d 724 (La.1988). The term "arising out of" suggests an inquiry into the character or origin of the risk which gives rise to the injury and the relationship of the risk to the nature of the employment. Mundy v. Department of Health and Human Resources, supra. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Mundy v. Department of Health and Human Resources, supra; Tuminello v. Willis Knighton Medical Center, 597 So.2d 1089 (La.App. 2d Cir. 1992), writ denied 600 So.2d 684 (La.1992); Bosse v. Westinghouse, supra.
An accident occurs "in the course of" employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours, either on the employer's premises or at other places where employment activities take the employee. Mundy v. Department of Health and Human Resources, supra.
The Louisiana Supreme Court has declined to view the "course of employment" and "arising out of employment" requirements as separate and unrelated concepts. Rather the court has recognized the mutual interdependence of the concepts in determining the relationship of the injury to the employment. Mundy v. Department of Health and Human Resources, supra.
A case with a strong showing of one of these elements counterbalances a relatively weak showing of the other element. Mundy v. Department of Health and Human Resources, supra.
The general rule is that an employee is not entitled to worker's compensation benefits if injured on the way to or from work. Fife v. Allied Supermarkets, 284 So.2d 561 (La.App. 5th Cir.1973); Mundy v. Department of Health and Human Resources, supra; Stewart v. Louisiana Plant Service, Inc., 611 So.2d 682 (La.App. 4th Cir.1992), writ denied 616 So.2d 706 (La.1993); Dupre v. Exxon Pipeline Company, 93-1528 (La. App. 3rd Cir. 6/01/94), 638 So.2d 1118; Yates *379 v. Naylor Industrial Services, Inc., 569 So.2d 616 (La.App. 2d Cir.1990), writ denied 572 So.2d 92 (La.1991). An exception to this rule is known as the "threshold doctrine." This doctrine has been recognized when an accident occurs in a place with an unusually hazardous travel risk which is immediately adjacent to, but not on the work premises. Mundy v. Department of Health and Human Resources, supra; Stewart v. Louisiana Plant Service, Inc., supra; Templet v. Intracoastal Truck Line, Inc., 230 So.2d 74 (La.1969); Thomasee v. Liberty Mutual Insurance Company, 385 So.2d 1219 (La.App. 3rd Cir.1980), writ denied 392 So.2d 675 (La. 1980).
The threshold doctrine generally involves a special risk attributable to the location of the work premises that is different from the risks to which the general traveling public is exposed or that is more aggravated in the area adjacent to the employer's premises than elsewhere. Mundy v. Department of Health and Human Resources, supra.

DISCUSSION
The trial court found that the threshold doctrine applied in this case. The court found that, because the plaintiff is required to report to work in the early morning hours, the risk of encountering ice on the sidewalk was greater for this plaintiff than for the general public. We disagree.
We find that the threshold doctrine is not applicable in this case. The plaintiff had not yet reported to work nor was she on the employer's premises at the time the accident occurred, but rather was on a public sidewalk. The plaintiff was not required to travel the path she chose to enter the hospital. The plaintiff was going to enter at the emergency room entrance. However, there were several other entrances available to the plaintiff. Also, even though the plaintiff was required to report at a relatively early hour, 6:00 a.m., the hospital was accessible to the general public, and it would not be unusual for members of the public to be traversing the same sidewalk at that hour of the day. Therefore, there was no distinctive travel risk for this employee immediately adjacent to the work premises.
Further, the facts in this case fail to show that the plaintiff was in the course of her employment or that this accident arose out of her employment. As stated above, the accident did not occur on the work premises or other place where this plaintiff's employment activities took place. Therefore, she was not in the course of her employment at the time of her injury.
Also, as discussed above, the risk of falling on a public sidewalk posed no greater risk for this plaintiff than for someone not so employed. Therefore, this accident did not arise out of the plaintiff's employment.
Our finding that the plaintiff was not within the course of her employment, did not arise out of her employment, and is not subject to the threshold doctrine is consistent with the jurisprudence dealing with these issues. In Mundy v. Department of Human Resources, supra, the Louisiana Supreme Court found that a nurse who was attacked and stabbed in a hospital elevator on her way to her work station, prior to reporting for duty, was not in the course of her employment and the accident did not arise out of her employment. In that case, the court noted that the plaintiff had not yet reached her work station and was not yet under the supervision of her employer when the attack occurred. The court also found that the risk encountered was not a greater risk for this plaintiff than for the general public, and therefore, the threshold doctrine did not apply. Based upon this reasoning, the court found that the plaintiff's damages were not covered by the Worker's Compensation Act.
Similarly in Hanewinckel v. St. Paul's Property and Liability Insurance Co., 611 So.2d 174 ((La.App. 5th Cir.1992), writ denied 614 So.2d 65 (La.1993), a nurse was attacked in the parking garage of the hospital where she worked, prior to the beginning of her shift. The court followed the reasoning of Mundy and found that the plaintiff was not in the course and scope of her employment and the injury did not arise out of her employment, therefore, the Workers' *380 Compensation Act was not applicable in that case.
In Fife v. Allied Super Markets, 284 So.2d 561 (La.App. 5th Cir.1973), the plaintiff claimed her accident arose out of her employment and that she was in the course of her employment when she had an auto accident at 5 a.m., at a location very close to her workplace. She argued that the early hour she was required to report to work subjected her to heightened danger. The court disagreed, finding that there was no heightened travel danger for the plaintiff due to the early hour, the plaintiff was not yet at work when the accident occurred and therefore she was not in the course of, and the accident did not arise out of, her employment. See also Templet v. Intracoastal Truck Line, Inc., supra.
The cases cited above are factually distinguishable from those cases in which the threshold doctrine was found to apply. In Thomasee v. Liberty Mutual Insurance Co., 385 So.2d 1219 (La.App. 3d Cir.1980), the threshold doctrine applied where an employee was injured while leaving work as she traversed dangerous stairs to a parking lot where she was required to park. The stairs were uneven and broken and there were no handrails. The plaintiff had no choice but to travel the stairs to reach the parking area which she was required to use. In Thomasee, the plaintiff encountered a risk not generally encountered by the general public in traveling to and from work. Further, she had no choice but to encounter the risk.
In Stewart v. Louisiana Plant Service, 611 So.2d 682 (La.App. 4th Cir.1992), a security guard at a bakery was attacked while walking to work in the early morning hours. The court found that the threshold doctrine applied because the business was located in a high crime area and the plaintiff had no choice but to travel through the area. Also, being unarmed and dressed in a security guard uniform placed him at increased risk of an assault.
Based upon the jurisprudence discussed above, we find that the plaintiff in the present case was not injured as an incident of her employment and therefore, her exclusive remedy does not rest in the Workers' Compensation Act. Accordingly, Schumpert is not entitled to tort immunity. However, Schumpert has cited several cases which it argues support the trial court ruling granting summary judgment in its favor.
Schumpert argues that Tuminello v. Willis Knighton Medical Center, supra, supports the trial court ruling that the plaintiff's exclusive remedy was under the Worker's Compensation Act. In Tuminello, a worker was injured when she fell while leaving a watermelon social given by the hospital for its employees. The plaintiff had finished her work shift and, while off duty, went to the event, conducted on the hospital grounds, before going home. The plaintiff fell and was injured while walking to her car.
Tuminello is factually distinguishable from the present case. In Tuminello, the court discussed the "arising out of" and "in the course of" requirements of LSA-R.S. 23:1031 and then noted that an exception is allowed for an employee who is preparing to leave or is in the act of departing from the workplace. In such a case, the employee is entitled to a reasonable period of time, while still on the premises, which is regarded as "in the course of" employment. The court further noted that the jurisprudence supports workers' compensation coverage for injuries occurring during employer sponsored recreational events. Based on these factors, the court found that the plaintiff's exclusive remedy against Willis Knighton was for workers' compensation benefits.
In the present case, the plaintiff was not on the employer's premises nor was she attending an employer sponsored event when injured. Therefore, the reasoning of Tuminello is not applicable to the facts of this case.
Schumpert also cites Bosse v. Westinghouse Electric Inc., supra, as supporting the instant summary judgment in its favor. In Bosse, the plaintiff sued his employer in tort for injuries suffered when he slipped and fell while exiting an elevator on the seventh floor of New Orleans City Hall, where he was employed. The plaintiff claimed the elevator failed to level, causing him to fall. The plaintiff was to report to work at 7:30 a.m. and the *381 accident occurred at 6:45 a.m. In affirming the trial court judgment granting summary judgment in favor of the plaintiff's employer, the City of New Orleans, the appellate court found that the case was distinguishable from Mundy, discussed above. In Bosse, the court found that a defect in the premises is different from an independent, random act of violence committed by an unrelated third party, which could occur anywhere. However, a defect in the premises at the place of employment is peculiar and distinctive to that location and is a risk encountered by the employee to a greater extent or frequency than that encountered by the general public. Under the facts of Bosse, the court found that the accident occurred during the course and scope of plaintiff's employment and therefore his suit in tort was dismissed.
Similarly, Schumpert argues that Francisco v. Harris Management Company, 94-136 (La.App. 3d Cir. 11/5/94), 643 So.2d 386, supports the trial court judgment finding that Mrs. May's exclusive remedy in this case is in workers' compensation. In Francisco, a nurse's aid, whose shift began at 10 p.m., fell and was injured when she fell on the employer's parking lot approximately 15 minutes before her shift began. The parking lot was under construction at the time of the accident and the area was very dark because new lighting had not yet been installed. In that case, the court found that the plaintiff was in the course of her employment and the accident arose out of her employment, primarily because the accident occurred on the employer's premises, even though it occurred before her shift began.
Francisco and Bosse are factually similar. However, they are also dissimilar to the facts of the present case. In both Francisco and Bosse, the accidents occurred while the plaintiffs were on the employers' premises and were caused by a defect in the premises. In the present case, the plaintiff was not on the employer's premises when injured, and a defect in the premises of the workplace did not play a part in the injury. The plaintiff in the present case was not in the hospital or on the hospital grounds when she fell, but rather was on a public sidewalk. Therefore Francisco and Bosse were not applicable to the present case.

CONCLUSION
For the reasons stated above, we reverse the summary judgment in favor of the defendant, Schumpert Medical Center. We find that the facts clearly show that the trial court erred in finding that the plaintiff, Shirlie May, was in the course and scope of her employment when injured and that her exclusive remedy for her injuries falls under the Workers' Compensation Act. On its motion for summary judgment, the defendant is not entitled to judgment as a matter of law.
Accordingly, we reverse the trial court judgment in favor of the defendant, Schumpert Medical Center, and remand this case to the trial court for further proceedings. Costs are assessed to the defendant.
REVERSED.
CULPEPPER, J., dissents and assigns reasons.
CULPEPPER, Judge Pro Tempore, dissenting.
I respectfully dissent. Before the Mundy case, this would have been an easy affirmance under the threshold doctrine. Mundy does not overrule the threshold doctrine. The opinion, 593 So.2d at pg. 351, finds the threshold doctrine not applicable because "the risk was no more dangerous in the immediate vicinity of the employer's premises than elsewhere along her route of travel to work."
I agree with the trial judge that Mundy is distinguished from the present case where the risk (the icy metal drain cover) was immediately in front of the hospital entrance. See trail court opinion pgs. 4-5.
I would affirm for the reasons stated in the trial court's written opinion.