WILLIAMS, J.
The plaintiff, Ellen Frazier, appeals a judgment in favor of the defendants, City of Shreveport and Art Patterson. The trial court found that the plaintiff's exclusive remedy for her personal injury was a workers' compensation claim. For the following reasons, we affirm.
FACTS
Ellen Frazier and Art Patterson were employed by the City of Shreveport in the Airfield Maintenance Division, which is located at the Shreveport Regional Airport. Frazier and Patterson worked the hours of 8 a.m. to 5 p.m., Monday through Friday. On January 22, 2013, shortly before 5 p.m., a low-impact collision occurred in the employee parking lot when Patterson backed a city-owned truck into the rear bumper of Frazier's personal vehicle. The airfield maintenance building and adjacent parking lot were enclosed with a barbed-wire fence and marked with a sign reading "Air Operations Area: Restricted." At the time of the accident, Frazier was in her vehicle, which was stationary behind the truck. An airport security officer investigated the accident and prepared a written report. Later that evening, Frazier visited Willis Knighton Hospital for an examination.
Subsequently, the plaintiff, Ellen Frazier, filed a petition for damages against the defendants, the City of Shreveport ("the City"), Art Patterson and her UM insurer, State Farm Fire & Casualty Company. The motions for summary judgment filed by the City and plaintiff were denied by the district court. Plaintiff later agreed to dismiss her claims against State Farm. After a trial, the district court concluded that the plaintiff's injury was covered by workers' compensation, finding that the accident occurred on the employer's premises before 5 p.m., when plaintiff was still on duty, and that she faced a risk of an accident when parking greater than that of the general public, because her employment required using that small lot in a restricted area. The trial court rendered judgment in favor of the defendants, dismissing plaintiff's claim for damages. Plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the trial court erred in finding that her recovery was limited to workers' compensation benefits. Plaintiff argues that workers' compensation is not applicable because she was not performing work duties at the time of the accident and the location did not present any special hazards to the employees.
An employee has the right to recover workers' compensation benefits *153 when injured by an "accident arising out of and in the course of" his employment. La. R.S. 23:1031(A). An accident occurs in the course of employment when the employee sustains an injury while engaged in performing his duties during work hours, either on the employer's premises or where job activities take place. The principal criteria for determining course of employment are time, place and employment activity. Lafitte-Nesom v. Christus Schumpert Highland , 50,496 (La. App. 2 Cir. 2/24/16), 188 So.3d 1100. An accident arises out of employment if the risk from which the injury resulted is greater for the employee than for a person not engaged in the employment. The "arising out of" requirement depends on the character of the risk that caused the injury and on the relationship of that risk to the employment. Lafitte-Nesom, supra .
The dual requirements, "arising out of" and "in the course of" employment, have been treated by the courts as mutually interdependent concepts such that a strong showing of one can overcome a weaker showing of the other. Lafitte-Nesom, supra . Our jurisprudence has been inclined toward coverage of injuries on the employer's premises within a reasonable time after completion of an employee's work day. Even if an employee has finished his day's work and is in the act of leaving, he is entitled to a reasonable period while still on the employer's premises that is regarded as within the course of employment. Mitchell v. Brookshire Grocery Co. , 26,755 (La. App. 2 Cir. 4/5/95), 653 So.2d 202, writ denied , 95-1115 (La. 6/16/95), 655 So.2d 339. An accident has been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred. Mitchell, supra . Factual findings by a trier of fact will not be disturbed absent manifest error based upon a review of the record as a whole. Rosell v. Esco , 549 So.2d 840 (La. 1989).
In the present case, Art Patterson testified that he is employed by the City as an airfield lighting technician, that he drives his personal car to work and uses a city-owned truck to perform his job duties. Patterson stated that he and plaintiff worked from 8 a.m. to 5 p.m. each weekday and that the accident occurred in the airfield maintenance parking lot, which is the designated parking area for maintenance employees. Patterson testified that on the date of the accident he had driven the work truck to the employee lot to move some personal items from the truck to his private car. He stated that airfield maintenance employees often waited in the parking lot for 10-15 minutes before the work day ended, but were not allowed to leave until 5 p.m. Patterson testified that as he was getting back into the truck, he saw plaintiff get in her car and leave the parking space. He stated that he did not know that plaintiff had stopped behind the truck because material in the bed of the truck blocked his view. Patterson testified that he slowly backed the truck a short distance and hit the rear bumper of plaintiff's stationary car. Patterson stated that after the accident, he asked plaintiff why she had stopped behind the truck and she said because it was not yet time to leave. Patterson testified that he knew the accident happened at ten minutes before 5 p.m. because he had looked at his watch and saw the time. He stated that once the gate leading to the airfield maintenance building was open at 8 a.m., a person did not need a badge or key code to enter the lot. Patterson explained that the general public did not use that parking lot, however, because the area was restricted, as indicated by the fence surrounding the maintenance *154 building and the sign stating: "Air Operations Area. Restricted."
Ellen Frazier testified that in 2013, she was employed by the City as a heavy equipment operator from 8 a.m. to 5 p.m. and also worked part time cleaning business offices. Frazier stated that the accident occurred in the airfield maintenance parking lot designated for use by the employees. She testified that airfield maintenance workers sometimes gathered in the parking lot to wait for 5 p.m. and that she had done that previously, but on the day of the accident the time was 5 p.m. when she went out to her car. Frazier stated that she saw the city truck in the lot near her car, but there was enough room for her to pull out of the parking space. Frazier testified that she did not leave immediately because a vehicle, which she first described as a dump truck and later as an "18 wheeler," was turning into the airfield and she yielded to that truck. Frazier stated that while she was waiting, she saw in her rear view mirror the city truck backing toward her and she pressed the horn, but the truck hit her car's rear bumper. Frazier testified that Patterson said that he had not seen her car, but denied telling him that she had stopped behind the truck because it was not yet time to leave. Frazier stated that at the time of the accident, her work duties were done and she was not going on an errand for her employer. Frazier acknowledged that the medical records indicated that she had stated she was sitting in her car waiting to go home when the accident occurred without any mention of yielding to a truck.
James Lowe testified that on the date of the accident, he was employed by the City as the supervisor of airfield maintenance employees, including Frazier and Patterson, who worked during the hours of 8 a.m. to 5 p.m. Lowe stated that a gate on the road leading to the airfield maintenance area was opened each day shortly before 8 a.m. and locked after 5 p.m. by the last person leaving. Lowe testified that during those hours a member of the public could enter the lot without a special badge or access code, but that such activity rarely happened because of the fencing and the sign stating that the area is restricted. Lowe explained that usually workers finished their duties by 4:50 p.m. and then waited in the designated employee parking lot until 5 p.m. to leave. Lowe testified that he did not see the accident, but went outside after someone told him about the incident. Lowe stated that he believed the accident occurred before 5 p.m. because the employees were still waiting in the parking lot when he went outside, Patterson told him the accident happened at 4:50 p.m., and Frazier had said that at the time of the accident she was sitting in her car waiting until it was time to leave. Lowe testified that Frazier was "still on the clock" and responsible to perform any job duty needed until 5 p.m.
In her brief, the plaintiff contends the situation of this case is similar to that of Lafitte-Nesom, supra , in which the court found that workers' compensation did not apply to the injuries of a worker who slipped and fell in an employee parking lot when leaving work for the day because she was not engaged in employment duties and the risk of injury from walking in the icy parking lot was no greater for Nesom than for members of the public. However, the factual situation of this case can be distinguished from that of Lafitte-Nesom . After hearing the evidence, the trial court found that in this case the accident occurred on the employer's premises before the plaintiff's work day ended at 5 p.m. These factual findings are supported by the testimony. Thus, the trial court could reasonably find that the accident occurred in the course of plaintiff's employment because she was serving the interests of her employer *155 by remaining on the work premises until 5 p.m.
Plaintiff asserts that her risk of injury from using the parking lot was no greater than the risk for members of the public. However, as noted by the trial court, the deputy director of the Airport Authority testified that public access to the air operations area was limited under federal law to maintain the security of the nearby aircraft hangars. Additionally, a number of witnesses testified that airfield maintenance employees were required to use that parking lot. Thus, contrary to plaintiff's assertion, as an airfield employee she encountered the risk of a traffic accident in that employee parking lot more frequently than the general public and her heightened exposure was due to a condition of her employment. Consequently, the record supports a finding that this accident arises out of plaintiff's employment because a requirement of that job caused plaintiff in the course of employment to be at the location of the accident at the time the accident occurred.
The plaintiff also argues that under the "going-and-coming" rule she was not in the course and scope of her employment because she was leaving work in her personal vehicle. Contrary to plaintiff's argument, the going and coming rule is not applicable in this case because she was still on duty and physically present on the employer's premises when the accident happened. See Posey v. NOMAC Drilling Corp. , 44,428 (La. App. 2 Cir. 8/12/09), 16 So.3d 1211. In addition, the going and coming rule generally applies in cases involving vicarious liability and not in cases such as this concerning the availability of workers' compensation.
Based on the evidence presented, the trial court could reasonably determine that in this case plaintiff was involved in an accident arising out of and in the course of her employment. Thus, we cannot say the trial court erred in concluding that the plaintiff's recovery is limited to a claim for workers' compensation benefits. Accordingly, the assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Ellen Frazier.
AFFIRMED.