McCALEB, Justice.
 

 Plaintiff, a triick driver in the employ of Intracoastal Truck Line, Inc., seeks to
 
 *196
 
 recover Workmen’s Compensation benefits from his employer and its insurer for injuries received when his automobile was struck from the rear, as he attempted a left turn into his employer’s premises from Peters Road, Jefferson Parish, by a car driven by Renis Walters who was overtaking and about to pass plaintiff at the time he turned.
 

 On July 15, 1964, the date of the accident, plaintiff had been summoned by his employer to make a truck run to Houma, and for this purpose he was to leave his employer’s premises about 5 o’clock a. m. It was while making a left turn into the premises to report for this assignment that he was struck from the rear by Walters and Suffered the injuries for which he seeks compensation benefits in this suit.
 
 [1]
 

 Plaintiff contends, basically, that the accident arose in the course and out of his employment (1) because his car was partially on his employer’s premises when struck, specifically the left front wheel being on the gravel portion of the parking lot of the premises adjacent to the public road, and (2) alternatively, the accident occurred on a portion of the highway leading to the employer’s premises so as to make the “threshold” doctrine applicable. In this respect, plaintiff asserts that Peters Road, the route for ingress and egress to and from his employer’s premises, subjected him to a greater travel risk than that of the general public; that this two-way two-lane roadway services a highly developed industrial area and is heavily traveled and that, therefore, since it is the only means of entry to and exit from the premises, the “threshold” doctrine is applicable.
 

 Defendants deny the pertinence of this doctrine, averring that one of its elements is lacking, i. e., a distinctive .travel risk to the employee in going to and from his work. They maintain that to allow plaintiff recovery under the circumstances here presented would constitute an unwarranted extension of the coverage afforded to employees while traveling to and from work as plaintiff was subjected to no hazard which was peculiar to him rather than to every employee who travels to work in his own automobile and is allowed the privilege of parking in an area adjacent to his employer’s plant.
 

 After trial, plaintiff’s suit was dismissed. The judge found that the location of defendant’s plant presented no unusual traffic hazards; nor was there any special danger encountered by plantiff as a result of his employment. Accordingly, he refused application of the threshold doctrine.
 

 
 *198
 
 Plaintiff appealed and the Court of Appeal, Fourth Circuit, 217 So.2d 725, reversed and awarded plaintiff compensation. That court, after discussing many cases in the jurisprudence (consisting in the main of cases from the courts of appeal involving the threshold doctrine) concluded that the employee’s subjection to a “peculiar hazard” deemed essential for recovery in some of these cases would not be “adopted.” The holding of the court is stated in the following summation:
 

 “Thus
 
 Verret
 
 (Verret v. Travelers Ins. Co., La.App., 166 So.2d 292) seems to say, in the above quoted language, that recovery is refused both because the employment-connected risk had already been surmounted, and the risk was not a ‘peculiar hazard.’
 

 “To the extent
 
 Verret
 
 may state a ‘peculiar hazard’ requirement for recovery in proximity cases, as defendant here urges, it overstates the basic 'arising out of the employment’ requirement, and we cannot adopt this construction in view of the interpretation of ‘arising out of’ declared by our Supreme Court in
 
 Edwards,
 
 supra. (Edwards v. Louisiana Forestry Comm., 221 La. 818, 60 So.2d 449)
 

 “From all the cases discussed, it appears that when' an employee, at a reasonable time before or after work, enters the ingress or egress of the premises of the employer, which is necessary to the business of the employer, the employee is considered in principle as on the premises and an accident there occurring is one in the course of his employment; and because he must, by reason of the employment, traverse the ingress and egress (regardless of what going-and-coming route his place of residence requires) and is thus exposed to the risk as an employee rather than as a member of the general public, the accident is one arising out of the employment and the injury is compensable under the workmen’s compensation act.”
 

 Defendants applied for a writ of review, assigning as error the refusal of the Court of Appeal to follow the decisions requiring that, for the threshold doctrine to apply,' the employee must have been subjected to a “distinctive” or “peculiar” risk, which is not present in this case. These decisions, they contend, are: Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532 (1923); Walker v. Lykes Bros.-Ripley S. S. Co., 166 So. 624 (La.App.1936); Williams v. Sewerage & Water Bd. of New Orleans, 90 So.2d 582 (La.App.1956); and Verret v. Travelers Ins. Co., 166 So.2d 292 (La.App.1964).
 

 We granted certiorari.
 

 The salient facts of the case are not in dispute. The accident happened' between 5 and 5 :25 a. m. when plaintiff turned left from Peters Road to enter the premises
 
 *200
 
 of his
 
 employer.
 
 The
 
 location
 
 of defendant’s plant, as found by the district judge, presented no unusual traffic hazards.
 

 Plaintiff testified that, when he was struck, the left front wheel of his car had reached the shell area of the parking lot of his employer and, because of this circumstance, he claims he was partially on the premises and, therefore, had actually entered his employment. Neither the district judge nor the Court of Appeal gave serious consideration to this contention, which plaintiff has raised again in his reply to the application for certiorari.
 

 We, like the lower courts, find no merit in this point. For the accident did not occur on the premises; plaintiff’s car was struck while it was in Peters Road and, hence, the fact that the left front wheel of the car had reached the shell area of the parking lot is immaterial. Accordingly, if plaintiff is to recover the threshold or proximity rule must be found applicable.
 

 The exception to the general rule in Louisiana which allows compensation to an employee for injuries sustained in an accident occurring before or after working hours, and off of, but within close proximity to, the premises of his employer, stems from the holding of the United States Supreme Court in Cudahy Packing Co. of Nebraska v. Parramore, supra, where it was found that this exception was not violative of the due process clause of the Fourteenth Amendment to the Federal Constitution. This doctrine was reaffirmed in Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402 (1928).
 

 In our courts the doctrine of the Parramore and Giles cases, often referred to as the threshold rule, was applied in Walker v. Lykes Bros.-Ripley S. S. Co. (La.App. Orleans, 1936) 166 So. 624. This theory; for extension of liability has been approved in later decisions of the courts of appeal and, inferentially, by this Court in Osborne v. McWilliams Dredging Co. (1938) 189 La. 670, 180 So. 481.
 

 It was not until the pronouncement of the Court of Appeal in the instant case that any question arose as to the use of the terms “peculiar” or “unusual” in relation to the risk or hazard to the employee discussed in the cases in which the doctrine has been applied. There are, however, a few Court of Appeal decisions allowing recovery without analyzing the true basis for the formulation of the exception to the general rule that off-premise accidents befalling employees on their way to or coming from work are not compensable— viz. Ward v. Standard Lbr. Co., 4 La.App. 89 (1925); LeBlanc v. Ohio Oil Co., 7 La.App. 721 (1928); and Guient v. Mathieson Chem. Corp., 41 So.2d 493 (La.App.1949).
 

 
 *202
 
 In determining whether there is justification for the requirement that off-premises liability accrues only in cases where the hazard to which the employee is exposed is “peculiar” or “greater” than that of the public generally, it is well to reexamine the decision in the Parramore case in the light of the pronouncement of the Court of Appeal, heretofore quoted, and its holding that the doctrine applies herein because the employee necessarily had to turn from the roadway into the employer’s premises by reason of his employment and became “thus exposed to the risk as an employee rather than as a member of the general public”, thereby making the accident one “arising out of the employment” and compensable under the act. We note this because it is" obvious that, in the absence of a special or implied contractual understanding, the employer does not have the right of supervision and control over the employee before and after working hours and before he has arrived or after he leaves the premises. Therefore, any extension of coverage for workmen’s compensation must necessarily be founded on the existence of conditions surrounding the locality of the employment which makes it more hazardous to the employee than it would have been had he not been employed.
 

 In the Parramore case the employee was killed when the automobile in which he was riding with another employee, while on his way to work, was struck by an engine of a railroad company. The plant of his employer could not be reached without crossing over three lines of railroad tracks, one of which was immediately adjacent to, and from which switches led directly into the plant. The automobile had crossed two of the railroad tracks and, when ttpon that of the Rio Grande Western, with switches leading into the plant, it was struck by the train and the employee, Parramore, was instantly killed. The question presented for consideration was whether the accident arose out of and in the course of the employment.
 

 It was there contended that the accident was one which occurred off of the premises, on a public road, outside the hours of employment; while the employee was not engaged in any business of the employer; that it was not the result of any industrial risk, but arose from a common peril to which the public generally was exposed.
 

 The Court first stated:
 

 “The fact that the accident happens upon a public road or at a railroad crossing and that the danger is one to which the general public is likewise exposed is not conclusive against the existence of such causal relationship, if the danger be one to which the employee, by reason of and in connection with his employment, is subjected
 
 peculiarly
 
 or to
 
 an abnormal
 
 degree.” (Italics ours)
 

 
 *204
 
 The Court then referred to certain English decisions on the question of causal relationship which stated that:
 

 “' * * * An accident arises out of the employment where it results from a risk incidental to the employment, as distinguished from a risk common to all mankind, although the risk incidental to the employment may include a risk common to all mankind.’
 

 “ ‘ * * * If it is the normal risk merely which causes the accident, the answer must be that the accident did not arise out of the employment. But if the position which the workman must necessarily occupy in connection with his work results in excessive exposure to the common risk, * * * or if the continuity or exceptional amount of exposure aggravates the common risk, * * then it is open to conclude that the accident did not arise out of the common risk, hut out of the employment.’ ’’
 

 This same doctrine, so says the United States Supreme Court, has been declared in the state courts under the American statutes. The Court observed:
 

 “
 
 *
 
 * * The basis of these decisions is that under the special facts of each case the employment itself involved
 
 peculiar
 
 and
 
 abnormal
 
 exposure to a .. common peril, which was annexed as a risk incident to the employment.
 

 “Here the location of the plant waa at a place so situated as to make the customary and only practicable way of immediate ingress and egress one of hazard. Paramore could not, at the point of the accident, select his way. He had no other choice than to go over the railway tracks in order to get to his work; and he was in effect invited by his employer to do so. And this he was obliged to do regularly and continuously as a necessary concomitant of his employment, resulting in a degree of exposure to the common risk beyond that to which the general public was subjected. The railroad over which the way extended was not only immediately adjacent to the plant, but, by means of switches, was connected with it, and in principle it was as though upon the actual premises of the employer.
 

 “We attach no importance to the fact that the accident happened a few minutes before the time Parramore was to begin work, and was therefore, to that extent, outside the specified hours of employment. The employment contemplated his entry upon and departure from-the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose. * * * ” (Italics ours)
 

 Again ■ in the case of Bountiful Brick Co. v. Giles, supra, the United States
 
 *206
 
 Supreme Court allowed recovery under the compensation act when the employee was struck and killed by a train as he crossed railroad tracks on his way to work in the brick company belonging to the employer under a state of facts similar to those appearing in the Parramore •case.
 

 The doctrine of the Parramore case, followed by Bountiful Brick Co. v. Giles, which has been denominated as the “threshold” or “proximity” doctrine, was discussed in detail in Walker v. Lykes Bros.-Ripley S. S. Co., supra. In that case, although recovery was denied because the employee had acquitted himself from the hazard existing on or near the employer’s premises, the particular rules are stated. The hazard there was a roadway under the dock board shed which the court considered to be generally dangerous. It was stated:
 

 “The other exception to the general rule exists when the injury takes place before or after working hours outside of, but within close proximity to, the premises of the master, and results from a hazard to which the employee, by reason of his employment, when considered in connection with the situation of his employer’s premises, is subjected to a
 
 greater risk
 
 than the public in general. For this exception to be invoked, the means of customary ingress and egress to and from the master’s premises must be such as to compel the employee to submit, by reason of his employment, to
 
 greater hazards
 
 than the public in general, although such risks may exist,
 
 in some measure,
 
 with respect to the general public. Moreover, it has been held in these cases that a continuance of the course of the employment is extended in allowing the employee a reasonable time, before or after working hours, to enter or leave the premises, or hazards adjacent thereto, and, if injury occurs under these circumstances, liability attaches to the employer for compensation. The Supreme Court of the United States has recognized this precept in the cases of Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532, and Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402.
 

 “Furthermore, the application of the exception to the general rule is without pertinence, unless the location of the master’s premises is such that, contiguous thereto,
 
 there are hazards which the plaintiff necessarily encounters in going to or departing from work which peculiarly subject him, by reason of his employment, to greater risks than those to which the general public is exposed.
 

 
 *208
 
 “ * * * To hold the defendant liable under these circumstances would be to extend the protection granted by the law to all hazards of travel which may be encountered by the employee returning from work to his home, though unrelated to the business of the master. No authority may be found which goes that far; for the theory of the extension of the course of the employment after the working hours is that the master has selected a site for his workmen which necessarily and peculiarly subjects them, by reason of their employment, to dangers or risks to which the public is not equally exposed.” (Italics ours)
 

 In spite of this language, the Court of Appeal stated herein:
 

 “Thus in Walker, for the first time in Louisiana, the court gives full expression to the requirement that the injury must result from a risk to which the workman is exposed not as a member of the general public, but as an employee, and by reason of his employment; but there is still no suggestion that the hazard itself must be peculiar or unusual in nature.
 

 “The requirement
 
 Walker
 
 expresses will be recognized as the statutory one of ‘arising out of’ the employment.”
 

 Professor Wex Malone in his work “Louisiana Workmen’s Compensation Law and Practice” states correctly the extension of the rule of compensation coverage in Section 172, p. 201, thusly:
 

 “Although an employee who meets with an accident outside the employer’s premises while going to or coming from work is not within the course of his employment, a well recognized exception exists generally with reference to accidents occurring at certain unusually hazardous places which, although not on the employer’s property, are immediately adjacent thereto. This exception will be referred to as the ‘threshold’ doctrine.
 

 “Two noteworthy features of the facts in the
 
 Parramore
 
 case serve as the basis of the threshold doctrine. First, Parramore was exposed with daily regularity to a specific railroad crossing of dangerous character. The frequency of his encounters with this particular hazard was due to the location of his place of work adjacent .to the tracks. This suggests that his employment placed him at a disadvantage in terms of safety. The fact that his exposure to the crossing was regular and frequent enabled the court to carve out his predicament from the general hazards of travel. Second, it must be noted that this area of special danger was located immediately adjacent to the employer’s premises Accordingly, the threshold doctrine ap
 
 *210
 
 plies only when there exists (1) a distinctive travel risk for the employee in going to or coming from work, and (2) this risk exists in an area immediately adjacent to his place of work. * * *
 

 In Verret v. Travelers Insurance Company, La.App 1st Cir. 1964, 166 So.2d 292, the employee was found not to be subjected to any unusual risks so as to invoke the threshold or proximity doctrine. He was injured while crossing a street (Wilson Drive) after having descended the levee. It was there contended that the risk was the excessive amount of automobile traffic caused by the employees going to and from work, and the excessive amount of noise of the conveyor crossing Wilson Drive overhead which made it almost impossible for one to hear an approaching vehicle. This, the court held, was “no peculiar hazard” and, accordingly, the doctrine was not applicable.
 

 It is the Verret decision which the Court of Appeal has deduced herein as overstating the basic “arising out of the employment” requirement and, therefore, it rejected the rationale of that matter. In thus concluding, the court found comfort and support in our decision in Edwards v. Louisiana Forestry Comm., 221 La. 818, 60 So.2d 449. But that case is wholly inapposite here. There, the accident occurred in the course of employment when the employee rescued an imperiled child from a vicious dog on the employer’s premises and the only issue was whether the rescue was an act within the contemplation of the employment and, hence, arose out of the employment. We held in the affirmative, but there is certainly no basis for considering any language in the Edwards case as overriding other decisions on the threshold doctrine.
 

 The facts presented in this case do not show any special risk the defendant company’s employees must assume in turning off the public road to enter the employer’s premises which would not be encountered by the general public in turning off such road or other roads similarly situated. Accordingly, there was no “unusual”, “peculiar” or “greater” hazard to the employees of the defendant company than that faced by any other motorist using the public streets.
 

 We hold that a claim for injuries occurring on a road or highway, as presented here, is not compensable. There must be a hazard such as railroad tracks, tunnels, covered wharves and the like to which the employee is regularly and peculiarly exposed by reason of his employment to which the public generally, albeit also subjected to such hazard, is not usually exposed to the extent of the employee. ’
 

 For the reasons assigned, the judgment of the Court of Appeal is reversed and that of the trial court is reinstated and affirmed.
 

 [1]
 

 . An action in tort was previously instituted by plaintiff against Walters and his ■ insurer which resulted in the 'dismissal of the suit on a finding of contributory negligence on the part of plaintiff in attempting a left turn in front of the overtaking vehicle at a time when the maneuver could not be made with safety. See Templet v. Walters, La.App., 204 So.2d 429.