SAVOY, Judge.
This suit was instituted by plaintiff against the workmen’s compensation carrier of Choupique Ranch, Inc. seeking total and permanent disability payments as a result of injuries received by him on June 19, 1968, while he is alleged to have been in the course and scope of employment for Choupique Ranch, Inc. Defendant insurer, Travelers Insurance Company, filed a general denial. After a trial on the merits plaintiff was awarded workmen’s compensation for total and permanent disability. Defendant has appealed.
Plaintiff had been employed initially by Choupique Ranch in Louisiana. Choupique also conducted farming operations in Arkansas. Plaintiff’s employer sent him to work on its Arkansas operations. He was accompanied by his wife and was furnished a house on the employer’s premises without any charges being made for rent. Plaintiff paid for his own utilities. While there he performed work for Choupique Ranch and also for Mr. R. J. Stine, a brother of Ed Stine, president of Chou-pique Farms, Inc.
After being in Arkansas for some time plaintiff’s wife became dissatisfied ' and moved back to Louisiana. Shortly after plaintiff’s wife’s departure, plaintiff stated to W. J. Stine, manager of the Arkansas operations for Choupique, that he wanted to return to Louisiana. His last work for the ranch was some time prior to June 14, 1968, for he received his last check from the corporation on that date.
Several days after June 14, 1968, plaintiff performed work in Arkansas for Mr. R. J. Stine. He left Arkansas on June 19, 1968, and when his car reached a point south of DeQuincy, Louisiana, he had an accident with resulting injuries. His destination had been in the vicinity of Sulphur, Louisiana.
In his written reasons for judgment, the trial judge allowed plaintiff to recover for the reason that plaintiff’s employer had furnished gasoline to plaintiff to make the trip from Arkansas to Louisiana in order to retain him as an employee in Louisiana.
After an examination of the record we are unable to agree with this finding of fact by the trial judge.
Prior to his departure for Louisiana plaintiff had discussed the possible move from Arkansas to Louisiana with W. J. Stine, a nephew of Mr. Ed Stine. W. J. Stine contacted his uncle in Louisiana and was told that he would attempt to secure plaintiff employment at the Edgerly Rice Dryer, Inc., a corporation of which Mr. Ed Stine was president, pending the arrival of certain farm equipment from Arkansas.
The record reveals that there was no agreement for Choupique to furnish gas to plaintiff for the trip to Louisiana. Plaintiff took gasoline from the pump owned by Choupique and left Arkansas at a time when Mr. W. J. Stine was several miles from the premises. Even plaintiff did not testify that Choupique was to furnish him gasoline for the journey to Louisiana. Plaintiff had not worked for Choupique for at least five days prior to the accident. He furnished his own transportation for the trip to Louisiana.
*618 We are reluctant to reverse the trial judge on a question of fact. However, as we read the record, we find that the employer-employee relationship had terminated prior to the time plaintiff left Arkansas for Louisiana. There was no obligation on the part of Choupique Farms to hire plaintiff upon his return to Louisiana. His main reason for returning was to be with his wife.
In the recent case of Templet v. Intra-coastal Truck Line, Inc., et al., La., 230 So. 2d 74, bearing docket number 49,734, decided by our State Supreme Court on December 15, 1968, that court, by unanimous decision, held that an employee on his way to work in his automobile, who was injured while entering the premises, could not recover for workmen’s compensation. Justice McCaleb, as the organ of the court, discussed the jurisprudence on this subject and stated that in the absence of a special or contractual understanding, the employer does not have the supervision and control over the employee before and after working hours, and before he has arrived or after he leaves the premises. Justice McCaleb also said that any extension of coverage for workmen’s compensation must be founded on the existence of conditions surrounding the locality of the employment which makes it more hazardous to the employee than it would have been had he not been employed. The court went on to hold that a claim for injuries occurring on a road or highway is not compensable, and to recover there must be a hazard such as railroad tracks, tunnels, covered wharves and the like to which the employee is regularly and peculiarly exposed by reason of his employment to which the public generally, although subjected to such hazard, is not usually exposed to the extent of the employee.
To hold as the trial judge did in the instant matter would extend the jurisprudence now existing in this state.
For the reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of defendant, Travelers Insurance Company, and against plaintiff, Willie W. Sonnier, rejecting his demands and dismissing his suit. Appellant to pay costs incurred in the district court and on appeal.
Reversed.