BOUTALL, Judge.
This appeal is concerned solely with the workman’s compensation portion of a case arising from injuries suffered by Mrs. Pamela M. Chancellor in a pedestrian-automobile accident. The accident occurred after work on a public highway and the basic issue is whether the accident arose out of and in the course of Mrs. Chancellor's employment, particularly as to the application of the threshold doctrine to the facts of this case. Mrs. Chancellor appeals from a judgment dismissing her claim against her employer, Schwegmann Bros. Giant Super Markets, Inc.
The facts are stipulated. Mrs. Chancellor was employed at one of defendants’ stores on the Airline Highway in Jefferson Parish near its intersection with North Howard Avenue. She had finished work and punched out at 6:39 P.M. and left the store with the intention of returning home. She travelled by public transit and was attempting to cross the Airline Highway to the other side in order to catch the bus at the intersection. The traffic is controlled by traffic lights which Mrs. Chancellor concluded were not working properly. She had successfully crossed one side of the highway, and as she attempted to cross the other side, she was hurrying because of the non-functioning of the light and was struck by an automobile. Schwegmann’s does not provide transportation to or from work for its employees.
The appellant contends that although she had finished work, the fact that the accident site was sufficiently adjacent to Schwegmann’s premises, coupled with the hazard of the highway to which she was regularly subjected, calls for the application of the threshold doctrine. We disagree and affirm the judgment appealed from.
One of the elements an employee must prove in securing coverage of the benefits *1283 of the Workmen’s Compensation Law is that the injury was received “by accident arising out of and in the course of his employment”. LSA-R.S. 23:1031. Numerous cases have held that the coverage of the law does not apply to an employee who is simply going to work or returning from work. One of the exceptions to that rule is the threshold or proximity rule as recognized and established in the case of Templet v. Intracoastal Truck Line, Inc., 255 La. 193, 230 So.2d 74 (La.1969). The court noted that this rule was applied in the case of Walker v. Lykes Bros.-Ripley S.S. Company (La.App.Orl.1936), 166 So. 624, and quoted with approval the following language from that case:
“Furthermore, the application of the exception to the general rule is without pertinence, unless the location of the master’s premises is such that, contiguous thereto, there are hazards which the plaintiff necessarily encounters in going to or departing from work which peculiarly subject him, by reason of his employment, to greater risks than those to which the general public is exposed." * * (230 So.2d 79)
The court also noted that the rule was correctly stated by Professor Wex Malone in his work “Louisiana Workmen’s Compensation Law and Practise”. In considering these rules we additionally refer to the cases of Fife v. Allied Super Markets, Inc., 284 So.2d 561 (La.App. 3rd Cir. 1973) and Verret v. Travelers Insurance Company, 166 So.2d 292 (La.App. 1st Cir. 1964).
Considering the facts in this case we cannot find that the employee faced any unusual, peculiar or greater hazard than the general public encountered. While it may be said that the crossing of a major thoroughfare such as the Airline Highway exposes one to a special risk that an individual would not encounter in crossing a less important and less used thoroughfare, there is no evidence in this case to show that the situs of the accident has any particular dangers not encountered in other portions of the highway or comparable thoroughfares. We agree with the findings of the trial court.
The judgment is affirmed at appellant’s costs.

AFFIRMED.