SWIFT, Judge.
This is a workmen’s compensation suit in which the district court denied benefits, finding that the plaintiff, Deloris W. Mouton, was not in the course and scope of her employment at the time of her accident. We affirm.
*843 The trial judge made the following findings of fact and conclusion of law which we approve and hereby adopt as our own:
“The Court finds, as a fact, that the accident in which the plaintiff was injured occurred some approximately 15 minutes prior to her work time, while she was en route to work. Plaintiff was a guest passenger in an automobile being driven by a friend who was transporting her to her place of employment. The vehicle in which plaintiff was riding was traveling north on First Avenue, in the City of Lake Charles, Calcasieu Parish, Louisiana, which is a paved two-lane street for traffic operating in directions both north and south. At the approximate scene of the accident, this street is intersected from the east by See Street, which is also a paved two-lane street for two-way traffic. From the top of the ‘T’ formed by See Street, a private roadway, with a shell surface for two-way traffic, extends to the west, and immediately after leaving the paved surface, that driveway crosses a railroad track. The Court finds, as a fact, that the accident was caused by an emergency created by the left-turning vehicle in which plaintiff was a passenger, and that an oncoming vehicle headed south then went apparently out of control and collided with the right side of the vehicle in which plaintiff was riding, at a point approximately one or two car lengths to the west of the paved street surface thereby causing the injuries complained of by plaintiff. Although the vehicle in which plaintiff was riding came to rest astride the railroad track, the tracks played no part in the accident, and the presence of the railroad in that vicinity in no wise contributed to plaintiff’s injuries. The defendant-employer had no supervision or control of the plaintiff-employee en route to or from her place of employment. The Court has noted, particularly, the case of Templet versus Intracoastal Truck Line, Incorporated, cited at 230 So.2d 74, and also a more recent Court of Appeal, Third Circuit case, Fife versus Allied Supermarkets, Incorporated, reported at 284 So.2d 561. In the Templet ease, the Supreme Court of Louisiana reviewed the history of the doctrine of proximity or threshold as it applies in workman’s compensation cases. This Court finds that there was no peculiar hazard inherent in the intersection or the shell road immediately to the west of it. As in the Templet case, the facts presented in this case do not show any special risk that the defendant-employees must assume in turning off the public street to enter the employer’s premises which would not be encountered by the general public in turning off such road, or other roads similarly situated, and that there was no peculiar or greater hazard to the employee herein than that faced by any other motorist using the public streets.”
The general rule in Louisiana is that an employee is not considered to be in the course of his employment while traveling to and from work. Chancellor v. Schwegmann Bros. Giant Super Markets, Inc., 363 So.2d 1282 (La.App. 4 Cir. 1978). For the so called “threshold” doctrine to apply, the employee must be subjected to to a distinctive or peculiar risk not common to the public that is in fact the cause of the accident. In other words, the risk faced by the employee in entering the employer’s premises must be one which would not be encountered by the general public in turning off such road or other roads similarly situated. Templet, supra.
The plaintiff argues that although the accident occurred outside the gates of her employment, the roadway on which the accident occurred is the only means of ingress and egress afforded to workers and therefore is a hazard to which the employees were regularly exposed, citing Fabre v. Travelers Insurance Company, 286 So.2d 459 (La.App. 1 Cir. 1973), writ refused Feb. 1, 1974. The facts of that case are readily distinguishable from those of the instant suit. In Fabre the workers traveled a roadway under which Monte Sano Bayou passed. It was on property either owned or leased by the employer and was constructed at its request. The night before the acci *844 dent a heavy rainfall had caused the supporting dirt fill of the road to be washed out by the bayou. The plaintiff, driving to work in the pre-dawn darkness and rain, did not see the washout until it was too late to avoid the hole, thus causing inundation of his vehicle and personal injuries. There was no such inherent hazard to which Mrs. Mouton was regularly exposed.
The plaintiff introduced no evidence to support her allegations that the railroad tracks either made the intersection more hazardous or was a cause of the accident. In fact, the testimony from Officer Duhon, who investigated the collision, was to the effect that the railroad tracks played no real part in the accident.
We are in full accord with the trial judge’s finding that the turn off North First Avenue into the private drive leading to the plaintiff’s employer’s premises did not involve any unusual or greater hazard to such employees than that faced by any other motorist using the public streets. Consequently, the threshold or proximity rule is inapplicable and Mrs. Mouton is not entitled to workmen’s compensation benefits.
For the above reasons the judgment of the district court is affirmed'at appellant’s cost.
AFFIRMED.