REDMANN, Chief Judge.
Plaintiff appeals from a summary judgment dismissing her action, clearly phrased as one for delictual damages, against a hos *994 pital and its insurer.[1] The basis of the summary judgment is exclusivity of workers’ compensation, La.R.S. 23:1032, notwithstanding that the employer was not paying and had not tendered workers’ compensation benefits at the time the action was filed.
We reverse. We conclude that it is not shown that there is no dispute as to a material fact nor that as a matter of law plaintiff’s claim is governed by workers’ compensation; and we further conclude that exclusivity of workers’ compensation does not justify dismissal of an employee’s action against her employer but would at best justify limiting it to an action for workers’ compensation.
Plaintiff alleges that she was on a sidewalk about to enter the hospital (she originally alleged she was on the hospital’s entry ramp) when, because of defendant hospital’s negligence, a gunman kidnapped and then raped and sodomized her, as a consequence of which she has had medical problems and expenses, has lost and will lose wages, has suffered and will suffer mentally and socially, and has suffered and will suffer other pain and suffering, for which she asks damages of $525,000. Whether the sidewalk is part of the hospital grounds or is public is not alleged. Also not alleged but shown by the motion for summary judgment to be undisputed is that plaintiff was the hospital’s employee and was arriving at the hospital for her work beginning at 5:30 a. m. when the incident occurred.
The argument in favor of summary judgment was that, whether plaintiff was already on the employer’s entry ramp or still on the (public?) sidewalk, workers’ compensation is her exclusive remedy against her employer. Defendants argue that even if not yet on the employer’s property, plaintiff was within the “threshold doctrine” exception to the rule that accidents going to and coming from work are not compensable because they do not arise out of and in the course of employment.
We note that the general rule on the threshold doctrine is that it does not apply to every employee on a public way adjacent to the entry to the employer’s premises, Templet v. Intracoastal Truckline, 255 La. 193, 230 So.2d 74 (1969). It does not apply unless there is “a hazard ... to which the employee is regularly and peculiarly exposed by reason of his employment to which the public generally ... is not usually exposed to the extent of the employee.” Id., 230 So.2d at 81. See also Malone and Johnson, Workers’ Compensation (2d ed.), § 169.
Whether or not the employee was on the employer’s premises and, if not, whether or not the threshold doctrine applies, it was error to dismiss the plaintiff’s action against her employer on motion for summary judgment on the basis of exclusivity of workers’ compensation when no compensation had been paid or tendered before suit. Such an action can be dismissed only if it is shown that the employee is entitled neither to delictual damages nor to workers’ compensation benefits.
Defendants orally argued that plaintiff has elected to sue in tort and that we have no business being her advocate in suggesting that she alternatively has a workers’ compensation claim. We reject this view because it is precisely defendants who have urged upon the court the view that plaintiff has a claim in workers’ compensation, and, more important, because La.C.C.P. 862 obliges a court to “grant the relief to which the party ... is entitled even if ... not demanded .... ” Comment (b) declares that art. 862 “suppresses the harsh and unduly technical ‘theory of the case’ doctrine in Louisiana ... . ” Defendants’ argument that plaintiff’s petition limits this litigation to an action ex delicto is a “theory of the case” argument which art. 862 invalidates.
Our first conclusion is that, as to defendant employer, the employee’s action may not be dismissed on motion for summary judgment on the ground that her remedy is workers’ compensation, unless the employer *995 also shows that the employee is not entitled to a judgment for compensation, either because no compensation is due or because the employer had paid or tendered to the employee before the action was filed, and continues to pay or tender, all workers’ compensation benefits due. No such showing is made here. Thus plaintiff is in any case entitled to pursue her action against the employer.
Our second conclusion is that, as to the defendant liability insurer not shown to be also the compensation insurer, it is not shown either that plaintiff was on the employer’s premises or, if not, what circumstances (more than mere nearness) bring her within the threshold doctrine. Thus exclusivity is not established.
Reversed; costs of this appeal to be paid by defendants.

. There is a subsequent unlimited dismissal of this case as settled, on plaintiffs motion, but the other parties concede that that dismissal affects only a security guard company.