| iDALEY, Judge,
dissenting with reasons:
I disagree with the majority and respectfully dissent.
The factual findings of a workers’ compensation hearing officer are subject to the manifest error standard of review. In order for an appellate court to reverse a fact finder’s determinations, the Court must find from the record that a reasonable factual basis does not exist for the findings and that the record establishes that the findings are clearly wrong. Fontenot v. Trans Gulf, Inc., 95-0342 (La.App. 1st Cir. 11/9/95), 664 So.2d 1238.
I would hold that the trial court committed manifest error in finding that the decedent was “abducted from the parking lot area of his work place.” The factual stipulations entered into by the parties clearly established that the decedent was abducted two blocks away from the law firm’s office. The testimony established that the firm neither owned the parking lot nor gave employees directions on where to park. The decedent was free to choose where to park. The parking lot where he parked his car on O’Keefe Street was not located within or directly adjacent to Mr. Hall’s work place. Accordingly, I would hold that the trial court committed manifest error in finding that the decedent was “abducted from the parking lot area of his workplace.”
The majority opinion concludes that the plaintiff is entitled to workers’ compensation *254 benefits under the threshold doctrine. I disagree. The Fourth Circuit explained this doctrine, stating that an employee who meets with an accident while traveling to and from work can recover if he proves that there was a distinct travel brisk for the employee traveling to or from work and the risk exists immediately adjacent to his place of work. Stewart v. Louisiana Plant Service Inc., 611 So.2d 682 (La.App. 4th Cir.1992). In order for a distinct travel risk to exist, there must be a hazard “which the employee is regularly and peculiarly exposed to by reason of his employment to which the public generally, albeit also subjected to such hazard, is not usually exposed to the extent as the employee.” Templet v. Intracoastal Truck Line Inc., 255 La. 193, 230 So.2d 74 (1969). The majority opinion uses the testimony of Officer Ronquillo to conclude that the area in which this incident occurred was a high crime area. The majority found that Mr. Hall was exposed to additional risks of crime because he could not park in the building. The record clearly established that Mr. Hall never attempted to obtain a parking space inside of the building in which he worked. Mr. Hall could have chosen from a number of parking lots and was under no obligation to park in this particular lot. Furthermore, the evidence did not establish that Mr. Hall was subject to a greater risk of harm by parking in this particular lot than that of the general public. Thousands of people work in high rise office buildings located on Poydras Avenue in New Orleans and park in parking lots within the adjacent blocks. Mr. Hall was exposed to no greater harm than any of these other thousands of office workers who park in the area between Poydras Street and Howard Avenue. Accordingly, I would hold that plaintiffs did not- meet the burden of proving the threshold doctrine was applicable in this case.
I am sympathetic to Mrs. Hall and her children; however, the finding by the Hearing Officer and affirmation by this Court that Mr. Hall was in the course and scope of his employment, given the facts of this case, is contrary to established legal principles.
For the foregoing reasons, I respectfully dissent.
GRISBAUM, J., dissents for the reasons assigned by DALEY, J.