# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-229


KATHLEEN EDIGO AND DAVID EDIGO

VERSUS

OTIS ELEVATOR COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-5136
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Jonathan W. Perry, Judges.


**AFFIRMED.**

**Russell J. Stutes, Jr.**
**Jeanette Dewitt-Kyle**
**P. Jody Lavergne**
**Deil J. Lalande**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Kathlene Edigo**
    **David Edigo**

**David L. Morgan**
**Kevin P. Fontenot**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**One Lakeside Plaza, Fourth Floor**
**Lake Charles, LA 70601**
**(337) 436-9491**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Southwest Louisiana Hospital Association**
    **d/b/a Lake Charles Memorial Hospital**

**John Kearney Nieset**
**Ryan Plummer**
**Christovich & Kearney, LLP**
**601 Poydras Street, Suite 2300**
**New Orleans, LA 70130**
**(504) 561-5700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Otis Elevator Company, LLC**

**GREMILLION, Judge.**

The plaintiffs, Kathlene and David Edigo, appeal the summary judgment granted in favor of Kathlene's employer, Lake Charles Memorial Hospital (Hospital).[1] For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Kathlene, a nutrition services worker at the Hospital, was injured upon exiting an elevator at the Hospital at 8:30 a.m., thirty minutes before she began work at 9:00 a.m. The Edigos filed a petition for damages in December 2016. In September 2018, the Hospital filed a motion for summary judgment urging that there were no genuine issues of fact that Kathlene was in the course and scope of her employment at the time of the accident and, thus, her exclusive remedy was in workers' compensation. The trial court granted summary judgment in favor of the Hospital finding that it was immune from tort liability. A judgment was rendered in January 2019. Kathlene now appeals and assigns as error:

> 1. The trial court erred in concluding that Lake Charles Memorial Hospital proved, beyond dispute, every element of the affirmative defense of tort immunity, as required under the law.
>
> 2. The trial court erred when it found that the Edigos did not submit any evidence showing Mrs. Edigo was not in the course of her employment at the time of her accident or that her accident did not arise out of her employment.
>
> 3. The trial court erred in its application of the summary judgment standard, which states that if there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, summary judgment cannot be granted.

## DISCUSSION

*Summary Judgment*

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether

---

[1] The plaintiffs also filed suit against Otis Elevator Company, LLC; however, that matter is not at issue here.

summary judgment is appropriate. *Id*. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment must be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id*. If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id*.

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc*., 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La.1/16/98), 706 So.2d 979. In deciding whether facts are material to an action, we look to the applicable substantive law. *Id*. Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

*Am. Zurich Ins. Co. v. Caterpillar, Inc*., 12-270, pp. 4-5 (La.App. 3 Cir. 10/3/12), 99 So.3d 739, 742-43.

In this case, there are no facts in dispute as both parties accepted Kathlene's deposition testimony of what occurred as true and accurate. Rather, the issue before us is a question of law: whether these undisputed facts arose in the course and scope of Kathlene's employment, thereby precluding her from pursuing a tort claim against the Hospital. *See Billeaudeau v. Opelousas Gen. Hosp. Auth.*, 16-846 (La. 10/19/16), 218 So.3d 513.

*Course and Scope/Arising out of Employment*

An employee's exclusive remedy for injuries "arising out of and in the course of [her] employment" is workers' compensation. La.R.S. 23:1031; *see also* La.R.S. 23:1032. The "coming and going" exception precludes coverage in workers' compensation with some exceptions, including that the injury occurs on the employer's premises. *Williams v. Pilgrim's Pride Corp.,* 11-59 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, *writs denied*, 11-1793, 1794 (La. 10/21/11), 73 So.3d 384.

2

The undisputed facts presented at the motion for summary judgment hearing were that Kathlene arrived at her workplace one hour prior to her clock-in time. She parked on the second floor, entered the building, and proceeded to the restroom as is her custom. She then got on the elevator in the Atrium to go to the first floor and wait until 9:00 to clock-in for her position as a food service worker. As she exited the elevator on the first floor at approximately 8:30 a.m., she tripped and was injured due to an alleged unlevel elevator. The Atrium elevator was used by the public and employees alike.

These facts fall squarely under the exception provided for in *Williams.* These exact facts were presented to the court in *Bosse v. Westinghouse Electric, Inc.*, 93-1898 (La.App. 4 Cir. 5/17/94), 637 So.2d 1157, *writ denied*, 94-1623 (La. 9/30/94), 642 So.2d 878. In *Bosse,* summary judgment was granted in favor of the City of New Orleans restricting the plaintiff's remedy to workers' compensation. Bosse was injured as he exited the seventh floor from an unlevel elevator en route to his job as a city inspector. Bosse was not yet on the clock; he was scheduled to begin work at 7:30 a.m., but exited the elevator at 6:45 a.m. The court noted that Bosse exited the elevator on the floor that he worked on, as did Kathlene. The court stated:

> An accident "arises out of" employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in employment. *Mundy v. Department of Health and Human Resources*, 593 So.2d 346 (La.1992). The "course of employment" test refers to time and place; the "scope of employment test" examines the employment-related risk of injury. *Benoit v. Capitol Mfg. Co.*, 617 So.2d 477 (La.1993). The "course of employment" and "arising out of" employment requirements cannot be considered in isolation from each other. A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa. *Raybol v. Louisiana State University*, 520 So.2d 724 (La.1988). . . . .
>
> . . . .
>
> . . . .

The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. *Mundy*, 593 So.2d at 349.[2]

A physical defect in the premises of the employer is very different from an independent, random act of violence committed by an unrelated third party stranger. A random act of violence could occur anywhere, but a defect in the premises at the place of employment is "peculiar and distinctive" to that location. See *Templet v. Intracoastal Truck Line, Inc.*, 255 La. 193, 230 So.2d 74 (1969), cited with approval in *Mundy, supra*, 593 So.2d at 350.

*Id*. at 1158-59.

The *Bosse* court explained the rationale proving there is no importance in the fact that the general public uses the elevator as noted by Kathlene: Kathlene, as a person who worked there, would be presumed to encounter the risk of the defective elevator at a much higher frequency than the general public. Therefore, she had a much greater chance of being exposed to this particular risk of injury. This satisfies the "arose out of" factor, while the *Bosse* court further found that Bosse's arrival at the seventh floor "may also be considered within the course and scope of that employment." *Id.* at 1159. Kathlene claims the Hospital must prove that she was injured while performing her duties as a nutrition service worker and that the accident arose from that work. We disagree. To allow parties recovery in workers' compensation and/or employers to assert tort immunity under such narrow circumstances ignores the reality of employment, particularly in large places like hospitals. Bosse was not performing any specific job duties when he was exiting the elevator, yet, he was in close proximity to the place where he would be. The facts here are indistinguishable from *Bosse*.

---

[2] Injuries arising from random violence, however, would be distinguished as not arising out of employment since violent acts by third parties are random and unpredictable and not a function of a particular place of employment (premises defect). *See Mundy v. Dep't of Health and Human Resources*, 593 So.2d 346 (La. 1/17/92).

Furthermore, a panel of this court has found that the parking lot qualified as the "employer's premises" for purposes of finding coverage in workers' compensation. *See Theriot v. Full Serv. Sys. Corp.*, 14-1199 (La.App. 3 Cir. 5/27/15), 166 So.3d 1190, *writ denied*, 15-1603 (La. 11/20/15), 181 So.3d 700 (casino employee struck by another employee in the employee parking lot).[3] If the parking lot qualifies as the employer's premises, an elevator inside the employer's building can not subject the employer to tort liability due to a premise defect. Accordingly, the trial court did not err in granting summary judgment in favor of the Hospital as there simply is no genuine issue of law that the Hospital is immune from liability in tort.

## CONCLUSION

The judgment of the trial court granting summary judgment in favor of the defendant-appellee, Lake Charles Memorial Hospital, is affirmed. All costs of this appeal are assessed to the plaintiffs-appellants, Kathlene and David Edigo.

**AFFIRMED.**

---

[3] But see *Babineux v. PNK (Lake Charles), LLC d/b/a/ L'Auberge Du Lac Hotel & Casino*, 08-1107 (La. App. 3 Cir. 3/4/09), 6 So.3d 939, where a casino employee injured another casino employee as she walked from her car to the casino in the outside parking lot. The trial court granted summary judgment in favor of the employer finding it immune in tort. However, on appeal, a panel of this court reversed the finding that there were genuine issues as to whether the plaintiff had started performing her employment duties, was under the control and supervision of her employer, whether there existed alternative routes to her work station, and whether the risk of injury was greater for the plaintiff than a non-employee. The *Babineux* court clearly distinguished these facts from cases dealing with a defect in the premises as opposed to a parking lot case.